UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00423-JPH-DLP |
| ) | |
| K. GILMORE, ) | |
| ) | |
| Defendant. ) | |

**Order Dismissing Complaint and Opportunity to File an Amended Complaint**

Joshua Taylor, an Indiana inmate at the Wabash Valley Correctional Facility in Carlisle, Indiana, filed this civil rights complaint against Warden K. Gilmore.

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility (Wabash Valley). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Taylor alleges that around noon on July 5, 2020, a water main broke in Carlisle. Mr. Taylor was told not to drink the water from his sink and that bottled water would be provided in a couple of hours. Dinner was provided at 3:30 p.m. It is unclear whether a drink was provided with dinner, but bottled water was not provided at that time. Bottled water was provided to Mr. Taylor at 10:30 p.m. However, the water Mr. Taylor received was expired. Between July 5 through July 8, 2020, Mr. Taylor was provided expired water that "had a crazy color." Dkt. 1 at p. 3. He has sued Warden K. Gilmore for violating his Eighth Amendment rights. He states that it is the Warden's job to make sure that there is clean water stored and available for inmates to use during an emergency. Mr. Taylor seeks money damages and injunctive relief requiring the facility to store enough clean bottled water for inmates to use during an emergency.

## III.  Dismissal of Action

Mr. Taylor's claim fails to state a claim upon which relief may be granted. First, Mr. Taylor has sued for money damages under 42 U.S.C. § 1983 and alleged a constitutional tort (an Eighth Amendment violation). However, he has not alleged a recoverable injury. He has not alleged that he was sickened by the water or that (although unappealing given its color and expiration date) it was unhealthy to drink. *See Wilson v. Garcia*, 471 U.S. 261, 278 (1985) (recognizing that § 1983 confers "a general remedy for injuries to personal rights"); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) (citing *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)) ("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his

constitutional rights, but also that the violation caused the plaintiff injury or damages.'"); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort [and] [a] tort to be actionable requires injury."). In addition, Mr. Taylor does not allege that other drinkable liquids were not available to him during the relevant time period.

Finally, the complaint is understood to allege that the Indiana Department of Correction has a centralized water distribution system where water will be trucked to any facility that requires drinkable water. Under these circumstances, there is no basis to conclude that Warden Gilmore can be held responsible for relying on this system to provide drinkable water in the event of an emergency.

The plaintiff's complaint is **dismissed** for each of the reasons set forth above.

### IV. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through December 29, 2020, to file an amended complaint** that corrects the deficiencies noted above. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 2:20-cv-423-JPH-DLP and the words "Amended Complaint" on the first page. The amended complaint will completely

replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 12/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA TAYLOR
160810
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838