UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:20-cv-00423-JPH-DLP |
| K. GILMORE, | ) |
| Defendant. | ) |

**Order Dismissing Amended Complaint and Directing Entry of Final Judgment**

Plaintiff Joshua Taylor filed a civil rights Complaint alleging that Defendant Warden K. Gilmore is liable to him because after a water main broke on July 5, 2020, there was a delay in providing fresh drinking water to the inmates at Wabash Valley Correctional Facility. The Order of December 1, 2020, dismissed the operative Complaint pursuant to 28 U.S.C. § 1915A(b), and Mr. Taylor was given a period of time in which to file an Amended Complaint correcting the deficiencies noted in that Order.

On January 4, 2021, Mr. Taylor filed an Amended Complaint raising new claims against new parties. Dkt. 8. Specifically, the Amended Complaint names six defendants and alleges that for a three-day period, Mr. Taylor was "placed on strip cell" and his water was cut off, such that he was unable to flush his toilet, wash his face, or brush his teeth. *Id.* For the reasons explained below, Mr. Taylor's Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Because Mr. Taylor is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a

claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, "the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

Mr. Taylor has sued for money damages under 42 U.S.C. § 1983 and alleged a constitutional tort (an Eighth Amendment violation) based on his inability to brush his teeth, wash his face, or flush his toilet for three days. But Mr. Taylor has not alleged an injury caused by these deprivations. *See Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) (citing *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)) ("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages.'"); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort [and] [a] tort to be actionable requires injury."). Moreover, "conditions which are temporary and do not result in physical harm" are generally "not actionable under the Eighth Amendment." *Jihad v. Wright*, 124 F.3d 204 (7th Cir. 1997). Indeed, the Seventh Circuit has held that ten days in a segregation unit without toilet paper, toothbrush or toothpaste, and in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment. *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Jihad*, 124 F.3d 204 (7th Cir. 1997) (citing *Harris* and concluding that three days in a dry cell without personal hygiene items did not violate the Eighth Amendment). Because the Amended Complaint, like the Original Complaint, fails to

state a claim upon which relief may be granted, the Amended Complaint is **dismissed** pursuant to 28 U.S.C. § 1915A(b).

Judgment dismissing this action with prejudice shall now issue.

**SO ORDERED.**

Date: 3/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA TAYLOR
160810
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838